**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| HERBERT BRIAN HUFFAKER, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:26-cv-366 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| BRADLEY COUNTY, TENNESSEE, *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Herbert Brian Huffaker, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently housed in the Bledsoe County Correctional Complex ("BCCX"), has filed a complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion and **DISMISS** the complaint.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion [Doc. 1] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such

monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with payment of the filing fee.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (instructing the court to dismiss a proceeding undertaken in forma pauperis "at any time if the court" concludes that the action "is frivolous or malicious" or "fails to state claim on which relief can be granted"). The dismissal standard articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pleaded and do not state a plausible claim.

*Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. To state a claim against any Defendant, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

### B. Plaintiff's Allegations

Plaintiff received a six-year sentence of incarceration on September 10, 2020 [Doc. 2 p. 4]. On October 23, 2024, Plaintiff was placed in the Southeast Tennessee Community Corrections Program[1] [*Id.* at 12]. He subsequently violated the terms of his community corrections agreement, and on January 23, 2026, a Bradley County judge ordered him to serve the remainder of his original six-year sentence in the TDOC [*Id.*].

Because Plaintiff's six-year sentence was imposed on September 10, 2020, he maintains, his sentence expired no later than September 10, 2026 [*Id.* at 5]. But it could have expired even sooner "based on [Plaintiff] getting 2 for 1 credit in [the] Bradley County [J]ail" [*Id.*]. Plaintiff asks the Court "to issue a declaratory judgment on [his] prison sentence and to award damages for each day spent in prison past [his] 6 year sentence [expiration] date" [*Id.*].

### C. Analysis

Because Plaintiff seeks to be released from prison, his federal remedy is through a petition for writ of habeas corpus rather than a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners

---

[1] Plaintiff's attached revocation order is considered part of his complaint. *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings[.]" (citing Fed. R. Civ. P. 10(c))).

attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). The Supreme Court has stated:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Thus, by seeking relief through § 1983, Plaintiff seeks to obtain relief through the wrong procedural vehicle. His relief, if any exists, is in a habeas petition.[2] Accordingly, this action must be dismissed.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Plaintiff cannot obtain the relief sought in a § 1983 action, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

[2] The Court notes that Plaintiff must first exhaust his available state-court remedies before seeking habeas relief. 28 U.S.C. § 2254(b)(1).